No. 50,411

Andrew J. Yunos, *Appellant,* v. Employment Security Board of Review for the State of Kansas, Emerson J. Abendroth, Chairman, George J. Trombold, Vice Chairman, Cora L. Hobble, Member, and Cessna Aircraft Company, *Appellees.*

(594 P.2d 230)

Opinion filed May 5, 1979.

*Terence Mundorf,* of Wichita, argued the cause and was on the brief for the appellant.

*Patricia Casey,* of Topeka, argued the cause, and *Marlin White,* of Holton, was on the brief for the appellees.

The opinion of the court was delivered by

Herd, J.: The issue in this case is whether a person who voluntarily leaves his employment for domestic reasons, leaves without good cause under K.S.A. 1978 Supp. 44-706(a).

Andrew Yunos was employed by Cessna Aircraft Company as a material coordinator from September 22, 1975, until October 3, 1977, when he voluntarily terminated his employment.

Yunos left the employ of Cessna to rejoin his wife and child in New Jersey where they had gone as a result of marital problems. Since Yunos' wife was unwilling to return to Kansas, it seemed imperative to him to move to New Jersey in order to effect a reconciliation.

Unknown to Yunos, on the same day he resigned from Cessna, his wife returned to Kansas to be reconciled. Upon learning of his wife's return, Yunos tried to withdraw his resignation from Cessna but was refused.

He then filed a claim for unemployment compensation which was disallowed by the examiner on the grounds that Yunos had left work voluntarily without good cause under K.S.A. 1978 Supp. 44-706(a). This eliminated his benefits from October 2, 1977, through November 19, 1977.

The examiner's decision was appealed to a referee who reversed the examiner and allowed the benefits on the theory that Yunos left his job voluntarily with good cause.

Thereafter the referee's ruling was appealed to the Employment Security Board of Review where it was reversed and the examiner's decision reinstated, rendering the plaintiff disqualified for benefits from October 2, 1977, through November 19, 1977, and assessing him for an overpayment of $654.00.

The next phase of the drama was an appeal to the Sedgwick County District Court where the Board's decision was affirmed, and then appealed to this court.

The legislature has spoken to this issue, and, in the absence of ambiguity or a constitutional question, its intent should be carried out (*Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 573 P.2d 1073 [1978]). K.S.A. 1978 Supp. 44-706 provides in part:

"An individual shall be disqualified for benefits:
(a) For the week in which he or she left work voluntarily without good cause and for the six (6) consecutive weeks which immediately follow such week: *Provided,* That if an individual leaves work by his or her own action because of domestic or family responsibilities, not including pregnancy, self-employment or to retire because of disability or old age, or to attend school such individual shall be disqualified for benefits until he or she again becomes employed and has had earnings of at least eight (8) times his or her weekly benefit amount."

The statute has been construed by this court in two recent cases, the first of which is *Southwestern Bell Tel. Co. v. Employment Security Board of Review,* 210 Kan. 403, 502 P.2d 645 (1972). There it was held that an employee who retired because of old age was not disqualified from benefits where the retirement was the result of a mandatory age limit in a collective bargaining agreement because the retirement was not voluntary. The second case is *Shelton v. Phalen,* 214 Kan. 54, 519 P.2d 754 (1974), where we construed K.S.A. 44-706(*a*) to mean that the extra penalty imposed against leaving work for domestic or family responsibilities could constitutionally be imposed on this class only if it were first factually determined that those in the class have "withdrawn from the labor market."

The rationale of *Shelton v. Phalen,* 214 Kan. 54, does not eliminate *leaving work for domestic reasons* from the K.S.A. 1978 Supp. 44-706(*a*) disqualification, it merely requires additional proof before the extra penalty is imposed; the normal penalty remains the same.

The issue in this case does not involve the extra penalty; and

*leaving work for domestic reasons* is defined, by statute, as without good cause and is neither ambiguous nor unconstitutional so it must stand as enacted by the legislature.

The judgment is affirmed.